UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON JAMES MERRILL,

           Plaintiff,

  v.

TRAVIS DAVIS, *et al.*,

           Defendants.

Case No. C21-5803-TL-MLP

REPORT AND RECOMMENDATION

This is a civil rights action proceeding under 42 U.S.C. § 1983. The Court declined to serve Plaintiff Brandon James Merrill's original proposed complaint and granted leave to file an amended complaint. (Dkt. # 6.) Mr. Merrill timely filed a proposed amended complaint. (Am. Compl. (dkt. # 7).) Mr. Merrill is a pretrial detainee in the Gray's Harbor County Jail. (*Id.* at 2.) Mr. Merrill identifies as defendants Travis Davis, Chief; Dr. Shin, "doctor for the jail"; and David L. Edwards, Chief Judge. (*Id.* at 3.) Mr. Merrill alleges Judge Edwards violated his Sixth and Fourteenth Amendment rights to proceed *pro se*. (*Id.* at 4.) Mr. Merrill alleges Chief Davis violated his right to counsel and his Eighth Amendment rights. (*Id.* at 7.) Mr. Merrill alleges Dr. Shin violated his right to proper medical care. (*Id.* at 6.) Mr. Merrill seeks medication, access to a

word processor, confidential pro se defense communications, "an impartial, fair judge," and $85,000. (*Id.* at 9.)

Having considered Mr. Merrill's amended complaint, the balance of the record, and the governing law, the Court recommends the amended complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   BACKGROUND

Mr. Merrill alleges Judge Edwards is presiding over his current criminal proceedings and has shown bias against him because he is proceeding *pro se*. (Am. Compl. at 4-5.) Mr. Merrill alleges Chief Davis has "eavesdropped on every privileged phone call, correspondence, and visit" and "monitored [his] defense investigator visit on or about Aug[ust] 10th and 18th, 2021 with [his] standby attorney Swaby and investigator Fred Doughty and Lisa Woods." (*Id.* at 8.) He also alleges Judge Edwards allowed these violations of his right to counsel by denying his motions for "privileged phone access" and "confidential visitation." (*Id.* at 28.)

Mr. Merrill alleges Dr. Shin, after previously authorizing a medication to treat his ADHD, refused to provide it because Mr. Merrill "fell out of good standing by attempting to represent [him]self." (Am. Compl. at 36.) Mr. Merrill also alleges that "on about Sept. 10th the medical staff discontinued the special diet Dr. Shin authorized." (*Id.*)

## II.   DISCUSSION

### A.   Legal Standard for Pleadings

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

**B.   Claims Against Judge Edwards**

As explained in this Court's previous order declining to serve Mr. Merrill's original complaint (dkt. # 6), the federal courts generally will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of "irreparable injury" is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 46 (1971). The *Younger* abstention doctrine requires that a district court abstain from deciding issues raised in a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v.*

REPORT AND RECOMMENDATION - 3

*City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). Mr. Merrill's state court criminal case is ongoing and involves a criminal prosecution that implicates important state interests.

      Mr. Merrill alleges he faces "immediate and irreparable harm" because Judge Edwards denied his "notice to disqualify." (Am. Compl. at 4-5.) Mr. Merrill contends Judge Edwards showed bias when he began a hearing by stating, "[W]e are not here today for you to have a bitching session," to which Mr. Merrill replied, "Bitches bitch, Your Honor." (Am. Compl., Ex. A (dkt. # 7-1) at 14.) Mr. Merrill also complains Judge Edwards denied several of his motions and scolded him for talking out of turn. (*See* Am. Compl. at 6, 8, 28.) He argues a "very important strategic point of [his] defense plans" was harmed by Judge Edwards' denial of his "motion to join [his] case to [his] co-defendant's case." (*Id.* at 8-9.) Mr. Merrill alleges Judge Edwards infringed his right to counsel by denying his "motion for privileged phone access to [his] investigator and [his] motion for confidential visitation with [his] investigator, defense experts and witnesses," based on "jail safety reasons," because "the video will roll and record but the audio will not record, just monitor[.]" (*Id.* at 28.) Mr. Merrill also alleges "Judge Edwards is not playing fair" because he "question[ed his] competency and deem[ed him] to be incompetent." (*Id.* at 30.) Mr. Merrill alleges Judge Edwards took further "injurious action" by informing his standby counsel that he would remain *pro se* through any competency determination and restoration process. (*Id.* at 31-32.)

      Applying the *Younger* criteria to this case shows that Mr. Merrill cannot proceed with his claims related to his criminal proceedings. All of Judge Edwards' rulings are subject to review on appeal, affording Mr. Merrill an adequate opportunity to raise his constitutional claims. The judge is entitled to require decorum in his courtroom, and there is no indication that being scolded will irreparably harm Mr. Merrill. Mr. Merrill fails to present sufficient facts in his

REPORT AND RECOMMENDATION - 4

complaint to show a risk of great and immediate irreparable harm and there is no showing of any extraordinary circumstances requiring or justifying the Court's intervention. Therefore, it appears that this action would unduly interfere with the state criminal proceedings and the Court should abstain from deciding Mr. Merrill's claims against Judge Edwards pursuant to *Younger*.

### C. Claims against Chief Davis

Mr. Merrill alleges Chief Davis "violated [his] right to counsel and 8th Amendment protections" by eavesdropping on "every privileged phone call, correspondence and visit[.]" (Am. Compl. at 37-38.) He alleges Chief Davis' actions have "barred [him] from having any kind of meaningful opportunity to defend [him]self pro se." (*Id.* at 38.) Mr. Merrill cites *State v. Cory*, where the Washington Supreme Court held a defendant's right to counsel was violated when "sheriff's officers eavesdropped on his conversations with his attorney [by means of] a microphone installed in the conference room" and the prosecutor was permitted to hear the recordings. 62 Wash. 2d 371, 372 (1963). As *Cory* shows, Washington state courts are equipped to deal with allegations of violations of the right to counsel. Mr. Merrill has not shown any need for this Court to interfere in state criminal proceedings. Accordingly, this Court should abstain from deciding Mr. Merrill's claims against Chief Davis pursuant to *Younger*.

### D. Claims against Dr. Shin and Unidentified Medical Staff

Mr. Merrill alleges Dr. Shin "refused to provide [his] prescribed ADHD medication . . ., a treatment that he has on file that he had previously authorized until [Mr. Merrill] fell out of good standing by attempting to represent [him]self." (Am. Compl. at 36.) Mr. Merrill also alleges that unidentified "medical staff discontinued the special diet Dr. Shin authorized." (*Id.*)

Because Mr. Merrill is a pretrial detainee, his medical care claims arise under the Fourteenth Amendment. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996); *see also Shorter v.*

1  *Baca*, 895 F.3d 1176, 1183 (9th Cir. 2018) (the "more protective" Fourteenth Amendment
2  standard applies to detainees who have not been convicted of a crime). A pretrial detainee's
3  claim of inadequate medical care may state a plausible § 1983 claim if the alleged mistreatment
4  rises to the level of "deliberate indifference to serious medical needs." *Gordon v. County of*
5  *Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). To state a plausible claim for inadequate medical
6  care, a pretrial detainee must allege four elements: (1) the defendant made an intentional
7  decision with respect to conditions under which the plaintiff was confined; (2) the conditions put
8  plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable
9  measures to abate the risk, "even though a reasonable official in the circumstances would have
10 appreciated the high degree of risk involved – making the consequences of the defendant's
11 conduct obvious;" and (4) by not taking such measures, the defendant caused plaintiff injury. *Id*.
12 at 1125 (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

13     Mr. Merrill has failed to state a plausible claim for inadequate medical care because he
14 has not alleged facts showing he is at substantial risk of suffering serious harm. He alleges he has
15 had "the most difficult time staying focused and goal orientated since Dr. Shin stopped [his]
16 treatment." (Am. Compl. at 37.) This is not serious harm that rises to the level of a constitutional
17 violation. Mr. Merrill was able to prepare a 76-page amended complaint with exhibits in this
18 case, which required substantial focus. To the extent Mr. Merrill is arguing his ability to present
19 his defense is impaired by his lack of focus, the state trial and appellate courts are the proper
20 venue to raise those claims. This Court should abstain from deciding such claims pursuant to
21 *Younger*.

22     With regard to discontinuing his special diet, Mr. Merrill has not identified any defendant
23 who made an intentional decision that put him at substantial risk of serious harm. He alleges he

has had "non stop stomach pain[.]" (Am. Compl. at 37.) Even if Mr. Merrill were able to identify an appropriate defendant, he has not alleged sufficient facts to show a substantial risk of serious harm. The Court concludes Mr. Merrill has failed to state a plausible § 1983 claim for deliberate indifference to serious medical needs. Given that Mr. Merrill has already had an opportunity to amend his complaint, the Court recommends the complaint and this action be dismissed for failure to state a claim on which relief may be granted.

### III.    CONCLUSION

The Court recommends Mr. Merrill's amended complaint (dkt. # 7) and this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections, and any response, shall not exceed twelve pages. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date objections were due.

The Clerk is directed to send copies of this Report and Recommendation to Mr. Merrill.

Dated this 20th day of January, 2022.

_____
MICHELLE L. PETERSON
United States Magistrate Judge